Filed in Open Court
11/14/2024
Skyler B. O'Hara
By  M. Garrett
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 23-CR-20065-DDC

SHAWN T. OWENS,

    Defendant.

PLEA AGREEMENT PURSUANT TO FEDERAL RULE
OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through Assistant United States Attorney Audrey McCormick, Shawn T. Owens, the defendant, personally and with his counsel, Kirk Redmond, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of 21 U.S.C. § 841(a)(1), that is, Distribution of Methamphetamine. By entering into this plea agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment to which he has agreed to plead guilty is not more than 40 years of imprisonment, a 5 million dollar fine, 4 years of supervised release, and a $100.00 mandatory special assessment. The defendant further agrees to forfeit property or money to the United States, as agreed.

2.    **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Ver. 03-01-24

In February 2023, a Confidential Informant ("CI") identified defendant as a large-scale drug dealer in the Kansas City metro area to law enforcement. An investigation was opened by the Drug Enforcement Agency ("DEA") which included surveillance on defendant's house in Independence, Missouri. In March 2023, the CI went to the defendant's home to help clean up drug related trash and, as captured on surveillance, observed what appeared to be large amounts of methamphetamine in the bedroom above the garage in defendant's home.

On March 31, 2023, defendant and CI spoke on a recorded phone call about the CI purchasing a "key" from defendant. A "key" of methamphetamine is slang for kilogram. On April 20, 2023, the CI met defendant at Top Golf in Overland Park, Kansas for a controlled buy. The CI purchased 1 kilogram of methamphetamine from defendant. The methamphetamine purchased from defendant on April 20, 2023, was lab tested and the results confirmed 995.2g (net weight), 99% purity.

On May 26, 2023, defendant told the CI that defendant had 30 lbs. of marijuana that defendant wanted CI to inspect at defendant's house in Independence, Missouri. The CI complied with the request. The interaction was audio recorded. Defendant directed the CI to make videos of the marijuana to post on the internet to aid in the sale of the drugs. The CI complied with the request. In addition to the marijuana, the CI saw what the CI estimated to be 8 pounds of methamphetamine in the defendant's home in the room above the garage.

On June 13, 2023, law enforcement conducted surveillance on defendant's house in Independence, Missouri and observed defendant and another individual load large trash bags and boxes into a car. Defendant simultaneously texted with the CI and told the CI that defendant was going to get the drugs and contraband out of the house and asked the CI to help. Defendant told CI that he was going to take everything to a house in Overland Park, Kansas. The CI reported this information to law enforcement in real time. Law enforcement maintained surveillance on the vehicle that contained defendant.

DEA requested assistance from Kansas Highway Patrol ("KHP"). KHP pulled the car over for a traffic violation, an improper tag, while the vehicle was in the District of Kansas. KHP enlisted assistance from the Overland Park Police Department canine unit. The canine had behavior indicators/changes around the trunk of the vehicle. In the trunk, KHP discovered methamphetamine, $22,620 in a safe ($400 of which was later discovered to be DEA Official Advanced Funds), a Glock 19 (Serial Number VFT927), live rounds of ammunition, 3 magazines, and 1 extended magazine. During the stop, defendant stated to officers that everything in the car was his and the other individual knew nothing about what was in the car. Officers seized the contraband, money, gun, and ammunition, along with defendant's iPhone. The methamphetamine seized on Jule 13, 2023, was lab tested and the results confirmed 3622g (net weight), 98% purity.

       3.    **Proposed Rule 11(c)(1)(C) Sentence.**  The parties propose, as an appropriate disposition of the case:

       (a)    168 months in prison on Count 1, 21 U.S.C. § 841(a)(1);

(b) 4 years of supervised release;

(c) no fine; and

(d) the mandatory special assessment of $100.00.

The parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea Agreement. This plea agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

4. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States agrees to dismiss the remaining counts of the Indictment at the time of sentencing, and agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment. Specifically, the United States will dismiss Counts 2-4 of the Indictment (Doc. 1).

6. **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest an

3

acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms, this plea agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this plea agreement.

7. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8.      **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.**  If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea. If the Court announces that it will NOT be bound by the proposed plea agreement, the parties agree that at that time either party may withdraw the proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's plea. If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.

9.      **Forfeiture of Assets.**  The defendant agrees to the forfeiture of the following property to the United States: Glock (model G19, semi-automatic 9mm handgun, bearing Serial Number VFT927), ammunition seized in connection with this investigation, and $22,620 United States currency. The defendant agrees that this property was property involved in or used to facilitate the commission of Count 1 and property that constitutes proceeds the defendant obtained, directly or indirectly from the commission of Count 1. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses regarding the forfeiture of property and withdraws any administrative claim or petition for remission regarding the property. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and

possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

10. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

11. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including assessments and restitution, as well as the length and conditions of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C). However, if the United

States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

12.     **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

13.     **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

14. **Parties to the Agreement.** The defendant understands this plea agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15. **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

/s/ Audrey McCormick                                      Date: 10/29/2024
Audrey McCormick
Assistant United States Attorney


s/ D. Christopher Oakley                                  Date: 10/29/2024
D. Christopher Oakley
Assistant United States Attorney
Supervisor


[signature] Digitally signed by AARON SMITH
Date: 2024.10.29 13:48:18 -05'00'                          Date:
AARON L. SMITH
Criminal Chief


[signature]                                                Date: 11-14-2024
Shawn T. Owens
Defendant

_____          Date: 11-14-2024
Kirk Redmond
117 SW 6th Ave., Ste. 200
Topeka, Kansas 66603
Counsel for defendant